UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marcos ORTIZ CONTRERAS,<br><br>Petitioner,<br><br>v.<br><br>Christopher LaROSE, et al.,<br><br>Respondents. | Case No.:  26-cv-2413-AGS-BLM<br><br>**ORDER DENYING HABEAS PETITION (ECF 1)** |

Petitioner Marcos Ortiz Contreras seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. But his aggravated-felony conviction renders his detention mandatory, so his petition must be denied.

Specifically, Ortiz Contreras was "[c]onvicted" in Oregon of third-degree rape (ECF 5-1, at 14), which is a felony involving "sexual intercourse with another person under 16 years of age," Or. Rev. Stat. § 163.355. That qualifies as an "aggravated felony" for "rape[] or sexual abuse of a minor." *See* 8 U.S.C. § 1101(a)(43)(A). When an "alien" "is deportable" due to such "an aggravated felony" conviction, the government "shall take [that person] into custody." 8 U.S.C. § 1226(c)(1)(B); 8 U.S.C. § 1227(a)(2)(A)(iii).

Given this conviction, Ortiz Contreras's release is warranted "'*only if* the Attorney General decides' both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) (quoting 8 U.S.C. § 1226(c)(4)). Nothing suggests that he falls into that "narrow" category. *See id.* Nor does his current detention time of less than two months violate his "due process" rights. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) (denying habeas relief after "six months" of immigration detention under 8 U.S.C. § 1226(c)).

So, Ortiz Contreras's habeas petition is **DENIED**, and the May 4, 2026 hearing is vacated. The Clerk will issue a judgment and close this case.

1

Dated:  April 29, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

26-cv-2413-AGS-BLM